IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GENE C. BENCKINI   : | | CIVIL ACTION |
| t/a                                    : | | |
| BENCKINI NURSERIES,          : | | |
|       Plaintiff                : | | |
|                          : | | |
|       v.                       : | | |
|                          : | | |
| BRIAN HAWK, et al.,          : | | NO. 07-3580 |
|       Defendants         : | | |

**MEMORANDUM**

Gene E. K. Pratter, J.                                                                                  April 21, 2009

      Pro se Plaintiff Gene C. Benckini, a frequent litigant in this Court, has again sued a number of law enforcement personnel. Reading the Complaint most generously, Mr. Benckini alleges a 42 U.S.C. § 1983 civil rights violation occurred during his 2006 criminal trial in which he was charged with forgery and impersonating a public servant.

      Cross motions for summary judgment on behalf of Mr. Benckini and Lehigh County Detective Leroy Oswald are now pending. For the reasons set forth below, the Court will deny the Benckini Motion for Summary Judgment and grant the Oswald Motion for Summary Judgment.

**I.      The Legal Standard**

      Upon motion of a party, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment may be granted only if

the moving party persuades the district court that "there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party." Miller v. Ind. Hosp., 843 F.2d 139, 143 (3d Cir. 1988). An issue is "genuine" if a reasonable jury could possibly hold in the non-movant's favor with regard to that issue. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A fact is "material" only if it could affect the result of the suit under governing law. Id.

Evaluating a summary judgment motion, the court "must view the facts in the light most favorable to the non-moving party," and make every reasonable inference in that party's favor. Hugh v. Butler County Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005). If, after making all reasonable inferences in favor of the non-moving party, the court determines that there is no genuine issue of material fact, summary judgment is appropriate. Celotex Corp. v. Catrett, 477 U.S. 217, 322 (1986); Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 83 (3d Cir. 1987). The party opposing summary judgment must support each essential element of that party's opposition with concrete evidence in the record. Celotex, 477 U.S. at 322-23. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted). This requirement upholds the "underlying purpose of summary judgment [which] is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense." Walden v. Saint Gobain Corp., 323 F. Supp. 2d 637, 642 (E.D. Pa. 2004) (citing Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976)).

The same standards and burdens apply on cross motions for summary judgment. See Applemans v. City of Phila., 826 F.2d 214, 216 (3d Cir. 1987); Peters Twp. Sch. Dist. v.

Hartford Accident and Indem. Co., 833 F.2d 32, 34 (3d Cir. 1987).  Cross motions for summary judgment

> are no more than a claim by each side that it alone is entitled to summary judgment, and the making of such inherently contradictory claims does not constitute an agreement that if one is rejected the other is necessarily justified or that the losing party waived judicial consideration and determination whether genuine issues of material face exist.

Transportes Ferreos de Venezuella II Ca v. NKK Corp., 239 F.3d 555, 560 (3d Cir. 2001) (quoting Rains v. Cascade Indus., Inc., 402 F.2d 241, 245 (3d Cir. 1968)).  Of course, when presented with cross motions for summary judgment, the Court must and does consider the motions separately.  See Williams v. Phila. Hous. Auth., 834 F.Supp. 794, 797 (E.D. Pa. 1993), aff'd, 27 F.3d 560 (3d Cir. 1994).

     To describe the background of this case, the Court sets out those facts of record that are undisputed.  Moreover, they are construed in the light most favorable to the non-moving party.  The Court disregards those factual allegations that either party makes without any evidentiary support from the record.  See Celotex, 477 U.S. at 322-23; Jones v. United Parcel Service, 214 F.3d 402, 407 (3d Cir. 2000) (requiring more than "unsupported allegations" to defeat summary judgment).  The following factual recitation separately notes those instances where a party disputes factual contentions made by the opposing party, but provides no evidentiary basis from the record for those disputes, and, in that case, the opposing party's factual contentions are treated as undisputed.  See Blaylock v. City of Philadelphia, 504 F.3d 405, 413 (3d Cir. 2007) (citing Anderson, 477 U.S. 242) (when the record contradicts a party's description of the facts, it does not create a genuine dispute).  Moreover, the Court has made every appropriate indulgence of Mr. Benckini in light of his pro se status throughout the time this case has been pending.[1]

---

[1] Pro se litigations such as Mr. Benckini are held to "less stringent standards" than trained counsel, Haines v. Kerner, 404 U.S. 519, 520 (1972), and the Court "will apply the applicable

## II. Factual Background

Mr. Benckini commenced this action in August 2007 when he filed suit against 18 defendants, including Coopersburg Borough, Upper Saucon Township, and various individuals from those communities and Lehigh County. The Court dismissed most of the claims, save only a § 1983 claim against Detective Oswald for a violation of due process rights that allegedly occurred during Mr. Benckini's December 2006 trial and for separate and limited § 1983 claims against four Upper Saucon police officers. See Benckini v. Upper Saucon Township, Civ. No. 07-3580, 2008 U.S. Dist. LEXIS 38723 (E.D. Pa. May 13, 2008). The Court's May 13, 2008 Memorandum recites an extensive factual background of this case. Id. at *3-9. A summary of the remaining claim against Detective Oswald is included here in order to facilitate an understanding of the assertions Mr. Benckini has made and the evidence presented to the Court in connection with this specific pair of motions.

Mr. Benckini asserts that ex parte communications occurred between Detective Oswald and Lehigh County Court of Common Pleas Judge William Platt on December 15, 2006 during a break in Mr. Benckini's criminal trial. Mr. Benckini maintains that during the ex parte meeting, Detective "Oswald presented false and manufactured statements, verbally by the plaintiff's witnesses in his reports, claiming all of defense witnesses were afraid of the plaintiff for fear of

---

law, irrespective of whether the pro se litigant has mentioned it by name." Dluthos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003) (citing Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002)). Nonetheless, and even though "district courts are counseled to liberally construe *pro se* pleadings, all parties must follow the Federal Rules of Civil Procedure." Thomas v. Norris, Civ. No. 02-1854, 2006 U.S. Dist. LEXIS 64347, at *11 (M.D. Pa. Sept. 8, 2006); see also Zilich v. Lucht, 981 F.2d 694, 696 (3d Cir. 1992) (noting that despite liberal construction of the complaint, *pro se* plaintiff "still has before him the formidable task of avoiding summary judgment by producing evidence 'such that a reasonable jury could return a verdict for [him].'") (quoting Anderson, 477 U.S. 242).

their lifes [sic], stateing [sic] that the plaintiff was going to kill people if they didn't testify for him. This information was presented to the judge William Platt." Complaint ¶ 59. The Complaint suggests that the allegedly false information presented to the judge when Mr. Benckini was not present led directly to the revocation of Mr. Benckini's bail and his pre-sentencing incarceration.

The Court has carefully and indulgently reviewed the Complaint. Even when considered in the most generous manner possible, the evidence does not support Mr. Benckini's assertions in any manner. Mr. Benckini testified during his deposition in this case that during a break in his criminal trial on December 15, 2006, he returned to the courtroom to retrieve his briefcase. He avers that he "walked into the courtroom very quietly," entering so quietly that "nobody heard [him] come in." Oswald Motion for Summary Judgement, Ex. C (Benckini deposition 10/15/08) at 50. Mr. Benckini observed Detective Oswald, Judge Platt, Assistant District Attorney Amanda Lovett, Coopersburg Police Chief Daniel Trexler, and Coopersburg Police Officer William Nahrgang in the courtroom. Id. at 50-51. While Mr. Benckini was standing unnoticed "15 feet away from them," he heard Detective Oswald mention his name twice while facing the judge. Id. at 51-53. Mr. Benckini asserts that Judge Platt then noticed him and "motioned to the guard to escort [Mr. Benckini] out" of the courtroom. Id. at 51-52.

Mr. Benckini admits that aside from hearing his name, he "didn't hear [Detective Oswald] say anything else." Oswald Motion, Ex. C at 53-54, 86-87. He did not hear anyone else say anything while he was standing in the courtroom even though the courtroom was so quiet that he "could have heard a pin drop." Id. at 55-57.

The jury found Mr. Benckini guilty of various criminal offenses, and Judge Platt revoked his bail, informing Mr. Benckini that he (the judge) was "disturbed" by what he heard during the

trial. Oswald Motion, Ex. C at 63. Mr. Benckini disagreed with the judge's assessment, telling Judge Platt, "I didn't hear anything disturbing....I'm not a danger to society. I haven't hurt anybody." Id. Mr. Benckini surmises that Detective Oswald must have said something or presented something to the judge during their ex parte communications that day because, in Mr. Benckini's opinion, there was no other explanation for Judge Platt's determination that his behavior was so disruptive as to support the denial of pre-sentencing bail. Id. 73-76, 94-95.

Specifically, Mr. Benckini suggests that Detective Oswald coerced witnesses into writing false statements about Mr. Benckini and then presented the "manufactured and false information of violence against the plaintiff to the jury trial Judge Platt in order to influence the judge['s] opinion of the Plaintiff in these (secret exparte [sic] communications) with Detective Oswald and Judge Platt without the Plaintiff or his attorney being present." Benckini Motion for Summary Judgment at 30. See also, id. at 55. Mr. Benckini supports his contention by alleging that prior to the trial, Detective Oswald coerced Stephen Reese and his family into writing false statements about Mr. Benckini. Presumably the several statements are the documents Mr. Benckini believes Detective Oswald later gave to Judge Platt. Oswald Motion, Ex. C at 93. In an effort to support this assertion, Mr. Benckini provided a February 18, 2008 declaration from Mr. Reese stating that in February 2005 Detective Oswald forced Mr. Reese to write a false statement alleging that Mr. Reese and his family were afraid of Mr. Benckini. Benckini Motion, Ex. 125.[2] However, Mr. Benckini has admitted during his deposition in this matter that he did not witness any document being handed to Judge Platt on December 15, 2006 and has "no witness" who can

---

[2] This declaration includes information about a conversation Detective Oswald allegedly had with Mr. Reese regarding the manufacturing of false evidence against Mr. Benckini, but the conversation occurred on or before February 15, 2005. Mr. Reese provides no information about an alleged ex parte meeting during Mr. Benckini's state court trial or, for that matter, any other conversation held at the time of that trial. See Benckini Motion, Ex. 125.

testify that *any* document was given to the judge during an ex parte meeting with prosecutors on that day.  Id. at 100-101.

**III.    Discussion**

During the summary judgment stage, "a plaintiff cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial."  Jones, 214 F.3d at 407 (citing Celotex, 477 U.S. at 324).  The only evidence Mr. Benckini has produced in support of his claim against Detective Oswald is (1) the alleged occurrence of an ex parte meeting during which he heard his name mentioned twice (but nothing more), (2) a conversation that occurred between Mr. Reese and Detective Oswald long before Mr. Benckini's criminal trial, and (3) Mr. Reese's declaration describing events that occurred 22 months before the trial.

Mr. Benckini has presented *no* evidence from which a fact-finder could find that Detective Oswald presented Judge Platt with *anything* or made *any* false statements about Mr. Benckini during an ex parte meeting on December 15, 2006, or any other date.  From the "evidence" presented by Mr. Benckini it is impossible to conclude that Detective Oswald provided Judge Platt with manufactured evidence outside the eyes of the jury in order to support the revocation of Mr. Benckini's bail during the period between his conviction and his sentencing hearing.  No matter how flexibly or generously they are read, Mr. Benckini's wild conjectures about a conspiracy against him stretching back for nearly 30 years and his insistence on disagreeing with Judge Platt's stated reasons for revoking his bail do not provide any evidence that would show that there exists a genuine issue for trial.  He has presented no

evidence of wrongdoing by Detective Oswald on December 15, 2006 or otherwise. Thus, the Court must dismiss the claim against Detective Oswald.

### III.    Conclusion

For the foregoing reasons, the Court will grant Detective Oswald's Motion for Summary Judgment and deny Mr. Benckini's Motion for Summary Judgment. An appropriate Order consistent with this Memorandum follows.

BY THE COURT:

<u>S/Gene E.K. Pratter</u>
GENE E. K. PRATTER
UNITED STATES DISTRICT JUDGE